Prince and Stafford *vs.* The State of Georgia.

---

## PRINCE AND STAFFORD *vs.* THE STATE OF GEORGIA.

| | |
|---|---|
| 30 | 27 |
| 93 | 207 |
| 30 | 27 |
| 105 | 794 |
| 30 | 27 |
| 109 | 490 |
| 30 | 27 |
| 113 | 1060 |

A riot cannot be committed without as many as two persons acting in execution of a common intent.

Indictment for Riot, in Whitfield Superior Court. Tried before Judge CROOK, at November Term, 1859.

The plaintiffs in error were indicted for a riot. At the trial, their counsel moved to quash the indictment, on the ground that there was no averment or allegation therein that defendants committed any act in a violent and tumultuous manner, and because it is alleged that they fought, or had a fight only, which does not, in law, amount to a riot.

The Court refused the motion, and defendants excepted.

The testimony being closed, counsel for defendants requested the Court to charge:

1st. That if the defendants are guilty of an assault and battery, or if Stafford acted in self-defence, and was justifiable in what he did, then they cannot be found guilty of a *riot*.

2d. That a riot is a disturbance of the public peace by the assembling together of two or more persons, with an intent mutually to assist each other, and, either with or without a common cause of quarrel, do an unlawful act of violence, or any other act in a violent and tumultuous manner.

3d. That to find the defendants guilty, the jury must believe that they assembled with an intent, mutually to assist each other in the commission of an unlawful act, or some other act in a violent and tumultuous manner.

4th. That if the defendants assembled to fight with each other, and so fought, then the jury should find them not guilty, under this indictment for a riot.

All of which requests the Court refused to charge, but charged that, in order to convict the defendants of riot, the jury must be satisfied that they, either with or without a common cause of quarrel, did an unlawful act of violence, or did any other act in a violent and tumultuous manner; that this could be done by fighting each other back; but if one is not guilty, neither can be convicted. They must convict both or acquit both. The Court further defined, in the language of the Penal Code, the offence of riot.

To which charge and refusal to charge, counsel for prisoners excepted.

The jury found the defendants guilty; whereupon, counsel for defendants moved for a new trial, on the grounds of error in the rulings, charge and refusal to charge, aforesaid; and further, because the verdict was contrary to law and evidence, and the charge of the Court.

The presiding Judge overruled the motion for a new trial, and defendants excepted.

Prince and Stafford *vs.* The State of Georgia.

JESSE A. GLENN, for the plaintiffs in error.

Solicitor General JOHNSON, *contra.*

*By the Court.*—STEPHENS, J., delivering the opinion.

We think that the facts in this case do not constitute a
*riot.* A riot, according to the definition in our Code, is
where "any two or more persons, either with or without a
common cause of quarrel, do an unlawful act of violence, or
any other act in a violent and tumultuous manner." There
must be as many as two persons, and they must do the same
act. To be sure, it is not necessary that they should do the
same act, in the sense that, what each one does, must be
identical with what is done by each of the others. If so, a
riot is an impossibility; for it is impossible that the action
of each shall not have a certain individuality which will dis-
tinguish it from the action of all the rest. In tearing down
a house, for instance, one rioter breaks down a door, and an-
other breaks down a window, and a third merely hands a
crow-bar to one of his associates. Here each one's act is
different from the acts of the others, and the act of one of
them has in it nothing of violence. But there is an obvious
legal sense in which they all *do the same act.* The *common
intent* which covers all the individual parts in the action,
cements those parts into one whole, of which each actor is a
responsible proprietor. The parts performed by himself is
his by perpetration, and the parts performed by the others
*in execution of the common intent,* are his by adoption. The
principle is, that each one adopts the performances of all the
rest and adds them to his own, and thus *does* the whole, in
the sense of the definition, so long as they are acting in exe-
cution of a common intent, but *no longer.* Hence, there can-
not be a riot except where the acts of as many as two per-
sons are cemented into one and the same act, by virtue of
being done in the execution of a common intent. While,
therefore, there may undoubtedly be a riot without a common
cause of quarrel, or without any quarrel at all, there cannot
be a riot without a common intent on the part of as many as
two persons who do something in execution of that common
intent. Now, the case before us is the simple one of two

men fighting each other—Prince with an intent to hurt Stafford, and Stafford with an intent to hurt Prince—with intents which, so far from being the same, were precisely the opposites of each other. Prince, in making the attack, was guilty of a *battery*, and Stafford, in returning it with a rock, may have exceeded a lawful measure of force, and so have been guilty of a *battery* also; but certainly they were not acting in execution of a common intent, and so were not guilty of a *riot*. For myself, I think it would be a great straining of the statute to hold that even a pitched battle—a fight in pursuance of an agreement to fight—would constitute a *riot*. But that question is not in this case; for though there is proof of an agreement to fight, the proof is, that the fight which actually took place, was not in execution of that agreement. The agreement was, that they should go out of the incorporation and fight; but while they were going out for the purpose, Prince precipitated the fight by giving the "damned lie" and striking a blow. Stafford was overtaken by a fight not in the bargain. It may be that a riot was brewing; but if so, Prince spoiled the riot by an assault and battery. This view covers all the grounds of error.

Judgment reversed.