BARRON *et al. vs.* THE STATE OF GEORGIA.

1. Where four persons were jointly indicted for riot, and the jury returned a verdict finding two of them guilty of "unlawful riot," and the other two guilty of "lawful riot," this was, in effect, a finding of not guilty as to the two latter defendants, and it was error to remand the jury to their room to correct their verdict as to them.

(a.) The mere making a noise or behaving tumultuously will not alone constitute riot, in the absence of any violence; and the effect of the verdict as to two of the defendants was to find that they committed no unlawful act of violence, and that, though their conduct may have been tumultuous, it was not violent. Code, §4514.

2. While jurors should not be related to the parties by blood or affinity, and such relationship affects their competency, and ordinarily disqualifies them from serving, yet where the discovery of the relationshp of two jurors to the prosecutor is made a ground of a motion for a new trial, and the affidavits in support thereof merely show that since the trial the defendants and their counsel have heard that such relationship existed, but do not show its actual existence, or the source from which such information came, this does not require a new trial.

(a.) Directions given that a judgment be entered discharging two of the defendants substantially found not guilty, and as to the other two, that the verdict and sentence stand.

Judgment reversed in part and affirmed in part.

March 17, 1885.

HALL, Justice.

[Four defendants were jointly indicted for riot. The jury returned a verdict finding two of them guilty of "unlawful riot," and the other two guilty of "lawful riot." Over objection of the defendants' counsel, the court ordered the jury to return to their room and correct their verdict. They retired, and in a short time returned a verdict finding all of the defendants guilty, and each of the defendants was sentenced to pay a fine or be imprisoned. They moved for a new trial, on the ground that there was error in ordering the jury to retire to their room to correct the first verdict returned; and because two of the jurors were second cousins to the prosecutor, which was unknown to the de-

v 74-53

fendants and their counsel until after the trial. This ground was supported by affidavits of the defendants and their counsel, that they had heard of the relationship since the trial and did not know of it before. The motion was overruled, and defendants excepted.]