## TRIPP *et al. v.* THE STATE.

To commit the offense of riot the joint action of two or more persons is required; and where in a given case it is shown that while two persons were in company one was guilty of an unlawful act of violence, and the evidence fails to disclose any participation by the other in such act, and there were no circumstances from which a common intent to do the act might be inferred, a conviction can not lawfully stand.

Submitted December 4, 1899.—Decided January 24, 1900.

Certiorari. Before Judge Hart. Morgan superior court. October 30, 1899.

*W. R. Mustin,* for plaintiffs in error.
*H. G. Lewis, solicitor-general,* and *E. W. Butler,* contra.

LITTLE, J. Tripp and another presented a petition to the judge of the superior court, for certiorari, which was sanctioned; and it appeared by the answer of the judge of the county court, that Henry Tripp and Albert Tripp were indicted in the superior court of Morgan county for the offense of riot; that the same was transferred to the county court where the defendants were tried. The bill of indictment charged the defendants with committing "an act of a violent and tumultuous manner," by riding by the dwelling-house of L. T. Osborn and firing off pistols and shooting into a tenement-house of said Osborn. The evidence tended to show that the defendants were in a buggy traveling the public road in front of the house of Osborn; that Mrs. Osborn was standing in the porch of her residence, when the two defendants drove rapidly by; that two children were in the road, and Mrs. Osborn found it necessary to call

them to get out of the way of the rapidly passing vehicle. After the defendants had driven one hundred or more yards beyond the house, the one who was not driving fired a pistol in the air, and a little further on fired a pistol at a tenant-house on the place. The horse was being driven as fast as he could trot. The one who was seated on the left side of the buggy did the firing. They did not seem to be drunk, nor were they boisterous other than in the driving and shooting. The defendants were convicted, and the question presented by their petition for certiorari is, was the conviction lawful under the evidence submitted? We think not. The conduct of the defendant who did the shooting was most reprehensible, and we have no doubt that the good lady who witnessed these occurrences was not only shocked but frightened, and there ought to be found a way to put a stop to such conduct; but are clear that neither of the defendants was guilty of the offense of riot, which by section 354 of the Penal Code is thus defined: "If two or more persons do an unlawful act of violence, or any other act in a violent and tumultuous manner, they shall be guilty of a riot, and be punished as for a misdemeanor." There can be no question that the firing of a pistol towards a tenement-house is an unlawful act of violence, but in the commission of the offense of riot there must be a joint action of two or more persons. *McPherson* v. *State*, 22 *Ga.* 488; *Prince* v. *State*, 30 *Ga.* 27; *Robinson* v. *State*, 84 *Ga.* 680; *Stafford* v. *State*, 93 *Ga.* 207; *Perkins* v. *State*, 78 *Ga.* 316; *Stokes* v. *State*, 73 *Ga.* 816; *Bolden* v. *State*, 64 *Ga.* 361.

The act charged in this case is the rapid driving on the public road and the firing of the pistol. The evidence shows that the horse which was being driven went as fast as he could trot. This is not itself unlawful, nor an act of violence, nor necessarily an act done in a tumultuous manner. If it be said that coupled with such driving was the firing of the pistol, the reply is that the evidence in no way connects the driver with the discharges of the pistol, and there is nothing in the evidence which tends to show that the firing was done in pursuance of a common intent. While we are prepared to condemn such conduct in the most emphatic terms, we can not, as a matter of

law, rule that the defendants committed a riot. If the evidence connected both parties with the firing of the pistol, it might be otherwise; but as it was not shown that the driver of the horse had any connection with the act of firing, and as the joint action of at least two persons is required to constitute the offense, it is manifest that the conviction can not stand, and on the hearing the certiorari should have been sustained.

<em>Judgment reversed. All the Justices concurring.</em>