## 246.   STANFIELD v. THE STATE.

Although the defendant and his associates, by their very reprehensible
conduct, may have violated not only the laws of decency, but also sev-
eral sections of the Penal Code, there is no evidence in the record to
justify the verdict against him for the offense of riot.  To constitute
the offense of riot there must be not only a common intent on the part
of two or more persons to do an unlawful act of violence or some other
act in a violent and tumultuous manner, but also concert of action in
the furtherance of such intent.

Accusation of riot, from city court of Reidsville—Judge Morgan.
January 12, 1907.

Argued March 20,—Decided March 28, 1907.

*L. J. Tippins, Isaiah Beasley, Hines & Jordan,* for plaintiff in
error.  *H. H. Elders, solicitor,* contra.

POWELL, J.  The defendant was tried and convicted upon an accusation charging "that said Dan Stanfield, J. V. Stanfield, J. O. Stanfield, Kater Lynn and Charlie Hallman, on the 12th day of August in the year 1906, in the county aforesaid, did then and there unlawfully and with force and arms, and acting with a common intent, did assemble themselves together, and, being so assembled, did then and there do the following unlawful acts of violence, to wit:  they, being assembled at the house of Mrs. Mozell Cribbs, did curse in her home before her two daughters, by saying 'God damn you all, we will not get out of your house," and by singing blackguard songs in a tumultuous manner in said house, and by tearing planks off said house in a violent and tumultuous manner, and by pulling Lillie Strickland down in the dark in one of their laps (in Jordan Stanfield's lap)."  The evidence is disgusting in its details. The defendant and his companions went to the home of some women,—from the record, manifestly, of loose character,—and were guilty of much profanity, ribaldry, and lecherous conduct. "The mere making of a noise or behaving tumultuously will not alone constitute riot, in the absence of violence."  Barron v. State, 74 Ga. 833.  The only conduct capable of being construed as supplying the evidence of violence is the fact that a board was pulled off the house and that the defendant held Lillie Strickland in his lap.  The evidence does not disclose who pulled the board off the house, but since at the time this happened the defendant was engaged with Lillie Strickland in other conduct of a nature such as to naturally preclude an inference that he was in any wise joined in intent with the person who did pull off this board, that act of violence can not properly be imputed to him.  Nor was the defendant's conduct in pulling Lillie Strickland down in his lap, under the circumstances, done with that intent necessary to the consummation of a riot.  He seems to have been soliciting an act peculiarly individual, so far as he and his male companions were concerned.  To constitute the offense of riot, there must be not only a common intent on the part of two or more persons to do an unlawful act of violence or some other act in a violent and tumultuous manner, but also concert of action in furtherance of such common intent.  Prince v. State, 30 Ga. 27; Coney v. State, 113 Ga. 1060.                                      Judgment reversed.