### 1180.   CROY *v.* THE STATE.

HILL, C. J.   To constitute the offense of riot, there must be two or more persons acting jointly and in execution of a common intent, in the commission of an unlawful act of violence, or of some other act in a violent and tumultuous manner.   Where the evidence shows that the act committed by the accused, whether an unlawful act of violence or otherwise, was not done in execution of a common intent with any other person, and not done jointly with another, but by him alone, a verdict finding him guilty of riot was contrary to law, and a new trial should have been granted. Penal Code, § 354; *Stanfield v. State*, 1 *Ga. App.* 532 (57 S. E. 953) ; *Robinson* v. *State*, 84 *Ga.* 680 (11 S. E. 544).

*Judgment reversed.*

Accusation of riot, from city court of Dalton—Judge Longley. April 13, 1908.

Submitted June 9,—Decided June 18, 1908.

The accusation charged the plaintiff in error with the offense of riot, in that he did, in violent and tumultuous manner, and jointly with four other named persons, and in execution of a common intent, obstruct, resist, and oppose the marshal of the city of Dalton in making an arrest, and did unlawfully assault the marshal, and did otherwise act in a violent and tumultuous manner.   The evidence introduced by the State shows, that the marshal, acting upon information that a brother of the defendant had committed an offense against a law of the State, attempted to arrest the brother, and was resisted in making the arrest, not by the defendant, but by his brothers and his father; and that thereupon the marshal went off and summoned a posse, and returned for the purpose of effecting the arrest, and was again resisted by the father and brothers, and finally arrested them.   The defendant was not present when the marshal went to make the arrest alone, or when he returned with the posse, and took no part in the resistance on either occasion.   After the arrest was made, the defendant came upon the scene and attempted to take his own gun from a member of the posse; a scuffle ensued between them for the possession of the gun, and the defendant was knocked down by other members of the

posse. Neither his father nor his brothers, who are jointly accused with him, participated in this act of violence. When he took hold of the gun he said to the man who had it, "What are you doing with my gun?" and the struggle then ensued for its possession, between these two alone.

*George G. Glenn,* for plaintiff in error.

*Samuel P. Maddox, solicitor-general,* contra.