30731. SMITH *et al.* v. THE STATE.

DECIDED FEBRUARY 16, 1945.

*Ernest J. Haar,* for plaintiffs in error.

BROYLES, C. J. "Any two or more persons who shall do an unlawful act of violence or any other act in a violent and tumult-

uous manner shall be guilty of a riot and be punished as for a misdemeanor." Code, § 26-5302. "To constitute the offense of riot, there must be not only a common intent on the part of two or more persons to do an unlawful act of violence or some other act in a violent and tumultuous manner, but also concert of action in furtherance of such intent." *Coney* v. *State,* 113 *Ga.* 1060 (39 S. E. 425). "The mere making a noise or behaving tumultuously will not alone constitute riot, in the absence of any violence." *Barron* v. *State,* 74 *Ga.* 833. In the instant case the two defendants were convicted of an attempt to commit a riot, but there was no evidence authorizing a finding that they were acting in concert or that either of them acted in a violent or tumultuous manner or had any intent to provoke violence or tumult, or to authorize a finding that they were guilty of an attempt to commit an unlawful act of violence or any other act in a violent and tumultuous manner. Therefore, the denial of a new trial was error. The special grounds are not considered.

*Judgment reversed. MacIntyre, J., concurs.*

GARDNER, J. dissenting. In my opinion the evidence is sufficient to sustain the verdict of an attempt to commit a riot. The special grounds are without merit, and therefore the case should be affirmed.