40454. MUSICK v. THE STATE.

DECIDED FEBRUARY 20, 1964—REHEARING DENIED MARCH 17, 1964.

*Sanders, Mottola & Haugen, Charles Van S. Mottola,* for plaintiff in error.
*Wright Lipford, Solicitor General,* contra.

HALL, Judge. 1. One of the grounds of the demurrers is that the indictment is not sufficient to charge the defendant Musick with any offense under the laws of this State. The indictment alleges the commission of several unlawful acts: (1) engaging in a contest of speed with motor vehicles on a public highway, commonly known as "drag racing" (*Code Ann.* § 68-1626 (e) (h); § 68-9931); (2) driving a vehicle in excess of 50 miles per hour upon the public roads of this State between the time of one-half hour after sunset and one-half hour before sunrise (*Code Ann.* § 68-1626 (b) 2; § 68-9926). *Thacker v. State,* 103 Ga. App. 36, 39 (117 SE2d 913). It alleges that the defendant was engaged in both of these unlawful acts at the time the deceased was killed. It further alleges that as the two vehicles approached another vehicle traveling along the highway in the opposite direction the defendant Haynes, in furtherance of and in commission of and as a direct consequence of these unlawful acts, did lose control of his vehicle, thus inflicting mortal wounds on the deceased, a passenger in the vehicle operated by defendant Haynes. These allegations are sufficient to present an issue whether the unlawful acts of the defendant Musick were the proximate cause of the death of the deceased. *Lee v. State,* 107 Ga. App. 484, 486 (130 SE2d 814).

The trial court did not err in overruling these grounds of the demurrer and the demurrer numbered 5.

2. Other grounds of the demurrers are that the indictment, because it contains allegations that the unlawful acts were done by the defendant "while in the prosecution of a riotous intent," amounts to an accusation of murder under *Code* § 26-1009, and that these allegations are extremely prejudicial to the defendant in an indictment for involuntary manslaughter. In view of the fact that this court has no jurisdiction of the offense of murder, and the fact that counsel for both the State and the accused contend that this indictment must stand or fall as one for involuntary manslaughter, the question whether the indictment is adequate for the offense of murder is not before us.

*Code* § 26-1009 provides: "Involuntary manslaughter shall consist in the killing of a human being without any intention to do so, but in the commission of an unlawful act, or a lawful act, which probably might produce such a consequence, in an un-

lawful manner: Provided, that where such involuntary killing shall happen in the commission of an unlawful act which, in its consequences, naturally tends to destroy the life of a human being, or is committed in the prosecution of a riotous intent, or of a crime punishable by death or confinement in the penitentiary, the offense shall be deemed and adjudged to be murder." In the opinion in *Marshall v. State,* 179 Ga. 290, 291 (175 SE 581), affirming a conviction for murder, the court stated that the phrase "in the prosecution of a riotous intent" is "used in the Code [§ 26-1009] in its popular sense, and signifies a killing in the prosecution of a reckless or wanton act, or with criminal indifference to the consequences. . . An individual may be actuated by 'a riotous intent,' although two or more persons are necessary to commit the offense of riot." The allegation in the present indictment of an unlawful act while in the prosecution of a riotous intent is repugnant to the definition of involuntary manslaughter in *Code* § 26-1009.

The defendant's demurrers numbered 1, 2, and 4 should have been sustained.

3. Another ground of the demurrer is that the allegation as to the defendant's "wilfully and by concert of action engaging in a riotous action and conduct" does not show any unlawful act. Although the definition of the crime of riot is broad (*Code* § 26-5302), we find no authority holding that the conduct described in the indictment constitutes a riot, nor do the Georgia precedents require this holding. *Barron v. State,* 74 Ga. 833; *Green v. State,* 109 Ga. 536 (35 SE 97); *Stanfield v. State,* 1 Ga. App. 532 (57 SE 953); *Taylor v. State,* 8 Ga. App. 241, 242 (68 SE 945); *Coney v. State,* 113 Ga. 1060 (39 SE 425); *Stafford v. State,* 93 Ga. 207 (19 SE 50); *Smith v. State,* 72 Ga. App. 108, 109 (33 SE2d 120); 46 AmJur 129, § 8 et seq. In the absence of more particular allegations as to the tumultuous or peace-disturbing character of the defendants' acts, demurrer number 3 should have been sustained.

The trial court did not err in overruling the demurrers discussed in Division 1, but erred for the reasons stated in Divisions 2 and 3 in overruling the remaining demurrers and refusing to quash the indictment.

*Judgment reversed. Nichols, P. J., and Russell, J., concur.*