## A00A0618. BURGE v. THE STATE.
### (534 SE2d 132)

PHIPPS, Judge.

Henry Burge appeals his convictions for obstruction of an officer and riot in a penal institution. He challenges the sufficiency of the evidence to support the jury's verdict. After review of the record, we find the evidence was sufficient to support the verdict, and we affirm Burge's convictions.

Viewing the evidence in the light most favorable to the verdict, the jury was authorized to find that the following occurred. On April 2, 1998, Burge was lawfully incarcerated at the Floyd County Jail. His uncle, Anthony Burge, was also an inmate in the same cellblock. Anthony Burge became involved in an altercation with other inmates in a cell on the lower level of the cellblock. After breaking up the fight, officers ordered Anthony Burge to go to his cell on the second level and gather his belongings because he was going to be removed to isolation. Before Anthony Burge left the second level, Henry Burge exited his cell on that level and angrily charged down the stairs. Sergeant Billy Null met him on the stairs and twice instructed him to go back to his cell. Burge refused to comply, and Null told him to go and gather his possessions, because he too was going to be placed in isolation. Burge then began yelling curses and threats at Null, pointing his finger in Null's face and making fists. While Null was attempting to restrain him, Burge either "lunged at" or pushed Null. They fell down the stairs to the floor. On the floor, Burge began swinging at Null, and three officers pulled Burge off Null and wrestled with him before they were able to restrain him. Null suffered a broken finger in the encounter.

"Whoever knowingly and willfully resists, obstructs or opposes any law enforcement officer . . . in the lawful discharge of his official duties by offering or doing violence to the person of such officer" commits the felony of obstruction of an officer.[1] "Any person legally confined to any penal institution of this state or of any political subdivi-

---

[1] OCGA § 16-10-24 (b).

sion of this state . . . who commits an unlawful act of violence or any other act in a violent or tumultuous manner commits the offense of riot in a penal institution."[2]

> On appeal, the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. In evaluating the sufficiency of the evidence, the relevant question is whether . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[3]

Based on these facts, a rational trier of fact could have found beyond a reasonable doubt that Burge committed the offenses of obstruction of an officer and riot in a penal institution. Accordingly, we affirm the convictions.

*Judgment affirmed. Johnson, C. J., and McMurray, Senior Appellate Judge, concur.*

DECIDED APRIL 20, 2000.

*William H. Newton III,* for appellant.
*Tambra P. Colston, District Attorney, Martha P. Jacobs, Assistant District Attorney,* for appellee.

---

[2] OCGA § 16-10-56 (a).

[3] (Citations, punctuation and emphasis omitted.) *Johnson v. State,* 239 Ga. App. 886 (522 SE2d 478) (1999).