A06A2231. GLANTON v. THE STATE.
(641 SE2d 234)

ELLINGTON, Judge.

A Douglas County jury found Donald Glanton guilty beyond a reasonable doubt of riot in a penal institution, OCGA § 16-10-56; and obstruction of a law enforcement officer, OCGA § 16-10-24 (a). The trial court merged the obstruction count into the riot count for sentencing. Following the denial of his motion for a new trial, Glanton

---

[13] Id.

appeals, contending that the evidence is insufficient to support his conviction of riot in a penal institution because the record established that he acted alone.

> On appeal, the evidence must be viewed in a light most favorable to the verdict, and appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility. In evaluating the sufficiency of the evidence, the relevant question is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Punctuation and footnote omitted.) *Burge v. State*, 243 Ga. App. 673, 674 (534 SE2d 132) (2000).

Viewed in the light most favorable to the verdict, the record established that on July 11, 2005, Glanton was legally confined in the Douglas County jail, having been arrested for shoplifting. Glanton had a conversation with Deputy John Garrett in the day room of his cell block and then followed Garrett out of the day room. Garrett repeatedly instructed Glanton to return to the day room, and Glanton belligerently refused. Garrett put his hands on Glanton's arm to forcibly escort him back to the day room. Glanton began to struggle with Garrett and then forcefully shoved him backward. Glanton continued to struggle as another officer placed him in restraints. Garrett's foot was injured during the altercation and required a cast for more than four weeks as well as physical therapy.

Glanton concedes that while legally confined to a penal institution he committed an unlawful act of violence by forcefully shoving a law enforcement officer. See OCGA §§ 16-5-23 (simple battery); 16-5-23.1 (battery); 16-10-24 (a) (obstruction). He contends that he is nonetheless not guilty of riot in a penal institution because any "riot" requires two or more persons acting in concert, citing OCGA § 16-11-30 (a) ("Any two or more persons who shall do an unlawful act of violence or any other act in a violent and tumultuous manner commit the offense of riot.") and several general and legal dictionaries. See also *Tripp v. State*, 109 Ga. 489, 491 (34 SE 1021) (1900) (offense of riot requires the joint action of two or more persons); *Stanfield v. State*, 1 Ga. App. 532, 533 (57 SE 953) (1907) (accord). It is an elementary rule of statutory construction that, absent clear evidence that a contrary meaning was intended by the legislature, words in a statute should be assigned their ordinary, logical, and common

meanings.[1] Pretermitting whether the ordinary, logical, and common meaning of the word "riot" signifies a violent act committed by two or more persons acting in concert, there is clear evidence that in creating the offense "riot in a penal institution" the General Assembly intended to criminalize certain conduct regardless of whether it was committed by two or more persons acting in concert. Specifically, OCGA § 16-10-56 defined the offense without including any element of concerted action or reference to the general offense of riot, OCGA § 16-11-30 (a). We will not look outside a statute for a definition when the statute itself defines the term.

Based on the facts recited above, a rational trier of fact could have found beyond a reasonable doubt that Glanton committed the offense of riot in a penal institution. See *Burge v. State*, 243 Ga. App. at 673-674 (evidence supported conviction where detainee refused to return to cell as ordered, struggled with officer, and lunged at or pushed officer, injuring him). Accordingly, we affirm the conviction.

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JANUARY 8, 2007.

*Mary Erickson*, for appellant.
*David McDade, District Attorney, Jeffrey M. Gore, James A. Dooley, Assistant District Attorneys*, for appellee.

---

[1] *In the Interest of T. H.*, 258 Ga. App. 416, 419-420 (574 SE2d 461) (2002); *Belvin v. State*, 221 Ga. App. 114, 115 (470 SE2d 497) (1996); *Fields v. State*, 216 Ga. App. 184, 186 (1) (453 SE2d 794) (1995); *Cartwright v. State*, 197 Ga. App. 868, 869 (399 SE2d 736) (1990).