## A07A1647. BROWN v. THE STATE.
(655 SE2d 692)

JOHNSON, Presiding Judge.

A jury found Brandon Mario Brown guilty of committing the offenses of riot in a penal institution and simple assault. He appeals from the riot conviction, contending the verdict was contrary to the evidence, against the weight of the evidence, and contrary to law. We affirm.

On appeal, the evidence must be viewed in a light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence; moreover, on appeal this court determines evidence sufficiency, and does not weigh the evidence or determine witness credibility.[1] In evaluating the sufficiency of the evidence, the relevant question is whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[2]

OCGA § 16-10-56 (a) provides that the offense of riot in a penal institution is committed when "[a]ny person legally confined to any penal institution of this state or of any political subdivision of this state . . . commits an unlawful act of violence or any other act in a

---

[1] *Burge v. State*, 243 Ga. App. 673, 674 (534 SE2d 132) (2000).
[2] Id.

violent or tumultuous manner." A person commits the offense of simple assault when he either attempts to commit a violent injury to the person of another or commits an act which places another in reasonable apprehension of immediately receiving a violent injury.[3]

A sheriff's deputy assigned to the Cobb County Adult Detention Center testified that he was making rounds through the facility when he noticed an aerosol spray can and trash bag in Brown's cell. The items are considered contraband, so the deputy entered the cell. Brown was outside of the cell at the time, and followed the deputy inside. Brown yelled to the deputy, "You can't go through my personal sh--." Brown retrieved a cup of bleach solution from under the sink, and threatened to throw the liquid in the deputy's face. The deputy ordered Brown to put the cup down, pulled a canister of pepper spray from his belt, and warned Brown that he would use the pepper spray on him. Brown then grabbed a mop and said he would hit the deputy with it and throw the cleaning solution on him. The deputy warned Brown again to put the items down. Brown threw the liquid at the deputy, hitting him in the face and chest. The deputy then sprayed Brown with pepper spray. Brown turned and ran with the mop, refilled the cup with bleach solution and threatened to throw the liquid on the deputy. Brown then dropped the items and returned to his cell. Another deputy corroborated the testimony, adding that Brown was motioning with the mop as if he might hit the deputy with it.

Viewing the evidence in a light most favorable to the verdict, a rational trier of fact could find beyond a reasonable doubt that Brown committed an unlawful act of violence or any other act in a violent or tumultuous manner while he was lawfully confined to a penal institution.[4] The judgment of conviction is therefore affirmed.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED DECEMBER 10, 2007.

*Robert H. Alexander III*, for appellant.
*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.

---

[3] OCGA § 16-5-20 (a).
[4] See *Glanton v. State*, 283 Ga. App. 232, 234 (641 SE2d 234) (2007). We note that the parties stipulated before trial that Brown was legally confined to a penal institution of this state or a political subdivision of this state.