S09A0487. McNAIR v. THE STATE.
(678 SE2d 69)

HUNSTEIN, Presiding Justice.

This appeal involves a constitutional challenge to OCGA § 40-6-120 (a) (2), the traffic statute addressing left-hand turns. The evidence pertinent to this appeal establishes that Todd Christopher McNair was driving his vehicle south on a two-lane road when he entered an intersection with a four-lane road, i.e., with two lanes each for east-bound and west-bound traffic, with the intent to make a left turn. McNair properly activated his left-turn signal and then turned his vehicle into the outer, right-hand lane of the two lanes heading east. Officer Bowen of the Dalton Police Department stopped McNair and charged him, inter alia, with making an improper turn on the basis that McNair was required by OCGA § 40-6-120 (a) (2) to turn his vehicle into the left-hand lane of the two

lanes moving east. After the trial court rejected McNair's assertion that OCGA § 40-6-120 (a) (2) was unconstitutionally vague, McNair was tried and convicted of violating that statute.

> A law may be unconstitutionally vague if it fails to provide the kind of notice that will enable ordinary people to conform their conduct to the law or if it fails to provide sufficient guidelines to govern the conduct of law enforcement authorities, thus making the law susceptible to arbitrary and discriminatory enforcement.

(Footnote omitted.) *In re D. H.*, 283 Ga. 556-557 (2) (663 SE2d 139) (2008). The statute challenged by McNair, OCGA § 40-6-120 (a) (2), addresses the required position and method of turning left at intersections. It provides as follows:

> The driver of a vehicle intending to turn left shall approach the turn in the extreme left-hand lane lawfully available to traffic moving in the direction of travel of such vehicle. Whenever practicable, the left turn shall be made to the left of the center of the intersection and so as to leave the intersection or other location in the extreme left-hand lane lawfully available to traffic moving in the same direction as such vehicle on the roadway being entered.

Even though the rules of statutory construction require this Court to presume that a statute is constitutional and to construe it as valid when possible, see generally *Rodriguez v. State*, 284 Ga. 803 (1) (671 SE2d 497) (2009), we agree with McNair for the following reasons that OCGA § 40-6-120 (a) (2) is unconstitutionally vague.

The vagueness arises in the second half of the second sentence of OCGA § 40-6-120 (a) (2). After the first sentence of the statute sets forth the manner in which a driver should approach the making of a left turn, i.e., from the extreme left-hand lane available to the driver in the direction being traveled, the second sentence begins by stating the manner in which the left turn should be made. It provides that, except in situations when it is not practicable, the left turn should be made "to the left of the center of the intersection," thereby prohibiting the driver from initiating a left turn prior to the vehicle's arrival at the center of the intersection.[1] The language in the second half of the second sentence then requires the left turn to be made "so

---

[1] I.e., this language requires the driver to keep the vehicle's wheels straight until arriving at the center of the intersection before the driver begins to make the left turn. This language thus seeks to avoid two dangerous situations that may arise when the turn is made

as to leave the intersection or other location in the extreme left-hand lane lawfully available to traffic moving in the same direction as such vehicle on the roadway being entered."

It is the use of the verb "leave" and its interplay with "lawfully available to traffic moving in the same direction" in OCGA § 40-6-120 (a) (2) that creates the ambiguity in the statute because of the two diametrically-opposite interpretations that can be given this word. The first interpretation is that a driver who wants to make a left turn onto a roadway with multiple lanes must make the turn in a manner that leaves the intersection or other extreme left-hand lane location lawfully available, i.e., open or clear, to traffic moving in the same direction on the roadway the driver has just entered.[2] This interpretation applies "leave" in the context of its definition as "to permit to remain undisturbed . . . to permit to remain unoccupied . . . to let be without interference." Webster's Third New International Dictionary (3rd ed.), p. 1287.[3] Under this interpretation, OCGA § 40-6-120 (a) (2) requires the driver to move into the right lane and leave the extreme left-hand lane available to other vehicles so they can travel unencumbered by the turning vehicle's presence. This interpretation is consistent with other rules of the road, particularly OCGA § 40-6-40 (b), which requires all vehicles to "be driven in the right-hand lane then available for traffic" when they are "proceeding at less than the normal speed of traffic," a category that would include most vehicles that have just executed a left turn.

The second interpretation of OCGA § 40-6-120 (a) (2) is that a driver who wants to make a left turn onto a roadway with multiple lanes must make the turn so that, when the driver departs from or "leaves" the intersection or other location, the turning vehicle is itself located in the lane farthest to the left that is lawfully available to traffic moving in that same direction. The interpretation applies "leave" in the context of its tertiary definition as "to go away or

---

prematurely: collisions with on-coming traffic traveling the opposite direction on the road from which the driver is turning, see, e.g., *Smith v. Barnett*, 107 Ga. App. 849 (2) (132 SE2d 139) (1963) (violation of former Code Ann. § 68-1644 (b) where driver entered on-coming lane of traffic 20 feet before intersection), and collisions with vehicles already present at or approaching the intersection on the roadway to be entered.

[2] Notwithstanding the use of the "extreme left-hand lane" phrase in the first sentence, this phrase in the second sentence cannot be read as referencing the lane from which the driver is making the left turn because OCGA § 40-6-120 (a) (2) expressly requires the driver to leave this lane available to traffic "moving in the same direction as [the driver's] vehicle *on the roadway being entered.*" (Emphasis supplied.) Hence, in this case, the "extreme left-hand lane" in the second sentence of the statute is not the lane of the south-bound road from which McNair made his turn because the "roadway being entered" by McNair was the east-bound road.

[3] This is the second definition given "leave" as set forth in the dictionary, with the first definition being to "bequeath, devise . . . to have remaining after one's death or extinction." Id.

depart from." Webster's Third New International Dictionary, supra. Hence, under this interpretation, the statute requires the driver making the left turn to exit, i.e., leave, the intersection or other location while the turning vehicle then proceeds to travel in the extreme left-hand lane lawfully available to traffic moving in the same direction. It was this interpretation of OCGA § 40-6-120 (a) (2) that the State asserts as warranting McNair's conviction.

"A criminal statute must give 'fair warning' of what constitutes criminal conduct. [Cit.]" *Jenkins v. State*, 284 Ga. 642, 645 (3) (670 SE2d 425) (2008). Although a criminal statute must be read according to the natural and obvious import of its language, see *Foster v. State*, 273 Ga. 555 (1) (544 SE2d 153) (2001), our analysis above establishes that the language in OCGA § 40-6-120 (a) (2) can be read as setting forth two directly contradictory ways for executing a left-hand turn onto a multi-lane roadway. Because of the language in the statute, both methods are equally plausible. The law is well established that a statute violates due process if it is so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application. See *Franklin v. State*, 279 Ga. 150 (1) (611 SE2d 21) (2005). In light of the conflict in the language of OCGA § 40-6-120 (a) (2), we conclude that a person of common intelligence could not determine with reasonable definiteness that the statute prohibits the making of a left turn into the right lane of a multi-lane roadway. See generally *Briggs v. State*, 281 Ga. 329, 330 (1) (638 SE2d 292) (2006) (statute unconstitutionally vague when it is "so uncertain that it cannot be determined with reasonable definiteness that any particular act is disapproved"). Accordingly, we hold that OCGA § 40-6-120 (a) (2) is too vague to be enforced against McNair, i.e., a driver of a vehicle making a left turn into a multi-lane roadway that lacks official traffic-control devices directing the driver into which lane to turn, see id. at (b), and is, therefore, unconstitutional under the due process clauses of the Georgia and United States Constitutions.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 8, 2009.

*Benjamin D. Goldberg*, for appellant.
*Kermit N. McManus, District Attorney, Susan A. Beck, Assistant District Attorney*, for appellee.