S10G0359. JUDICIAL COUNCIL OF GEORGIA et al. v. BROWN & GALLO, LLC.
(702 SE2d 894)

BENHAM, Justice.

A question presented by this case is whether the Judicial Council of Georgia and the Board of Court Reporting of the Judicial Council

of Georgia fall within "the judiciary," as that term is used in OCGA § 50-13-2 (1) of the Administrative Procedure Act and therefore are exempt from the coverage of the Act.[1] We hold that they are part of the judiciary as that term is used in OCGA § 50-13-2 (1) and reverse the judgment of the Court of Appeals.

This appeal arose when Brown & Gallo, an independently-owned court reporting agency, filed an action for declaratory judgment pursuant to OCGA § 50-13-10 of the Administrative Procedure Act, alleging that a portion of the code of professional ethics for court reporting adopted by appellant Board of Court Reporting of the Judicial Council of Georgia ("the Board") in 1994 and favorably reviewed by appellant Judicial Council of Georgia ("the Council") was invalid because it was vague, ambiguous, unreasonable, arbitrary and capricious, overbroad and beyond the scope of the Board's authority, and that the application of the rule to Brown & Gallo was unreasonable, arbitrary and capricious, and beyond the scope of the Board's authority.[2] Brown & Gallo also sought a stay of the grievance procedure initiated by the Board 34 days earlier that alleged a possible violation by Brown & Gallo of the same portion of the ethics code.[3] The Council and the Board sought dismissal of the declaratory judgment action on several grounds, one of them being that the action was barred by sovereign immunity. See Ga. Const. of 1983, Art. I, Sec. II, Par. IX. Appellees reasoned that the Administrative Procedure Act was a waiver of sovereign immunity that specifically exempted "the judiciary" from its coverage and, as part of the judiciary, the Council and the Board were therefore exempt from the waiver of sovereign immunity. The trial court denied the motion to dismiss, ruling, among other things, that the Administrative Procedure Act's exclusion of "the judiciary" from its definition of "agency" in OCGA § 50-13-2 (1)[4] did not include the Council and

---

[1] The Judicial Council is "an agency of the judicial branch of state government for the purpose of defining and regulating the practice of court reporting in this state" (OCGA § 15-14-23), and was created by this Court pursuant to OCGA § 15-5-20. The Board of Court Reporting is appointed by the Judicial Council and is responsible for making all necessary rules and regulations to carry out the Georgia Court Reporting Act, with the rules and regulations subject to review by the Council. OCGA § 15-14-26.

[2] The Ethics Code provision cited states: "A Georgia Certified Court Reporter Shall: Refrain from giving, directly or indirectly, any gift, incentive, reward or anything of value to attorneys, clients, or their representatives or agents, except for nominal items that do not exceed $50.00 in the aggregate per recipient each year."

[3] Both the declaratory judgment action and the administrative grievance were focused on the disbursement of $25 promotional gift cards for each deposition scheduled during three months in 2008.

[4] "Agency" is defined in the APA as meaning "each state board, bureau, commission, department, activity, or officer authorized by law expressly to make rules and regulations or to determine contested cases, except the General Assembly; the judiciary; the Governor; [and several specified boards, departments, institutions, and agencies]."

the Board because they were formed to define and regulate the practice of court reporting and to make all necessary rules and regulations to do so and, while an "agency of the judicial branch" (OCGA § 15-14-23), they were not "the judiciary."[5] The trial court's order did not contain the definition of "judiciary" it employed. Using Court of Appeals Rule 36, the Court of Appeals issued a non-precedential affirmance of the trial court without opinion. *Judicial Council of Georgia v. Brown & Gallo, LLC*, 299 Ga. App. XXII (2009).[6] We granted the petition for a writ of certiorari filed by the Council and the Board to determine whether the Court of Appeals erred in affirming the trial court's denial of the motion to dismiss filed by the Council and the Board.

OCGA § 50-13-10 is part of the Administrative Procedure Act and authorizes the filing of a declaratory judgment action questioning the validity of any rule that allegedly interferes with or impairs legal rights, without the petitioner having first requested the agency to pass upon the validity of the rule. "Rule" is statutorily defined in OCGA § 50-13-2 (6) as meaning "each agency regulation, standard, or statement of general applicability . . . [,]" and, as previously noted, "agency" is statutorily defined in OCGA § 50-13-2 (1) as "each state board, bureau, commission, department, activity, or officer expressly authorized by law to make rules and regulations or to determine contested cases, except the General Assembly; the judiciary; the Governor. . . ." It is without question that the Board and the Council are authorized by law to make rules and regulations with regard to the practice of court reporting in Georgia; the question presented is whether the Council, an agency of the judicial branch (OCGA § 15-14-23), and the Board, appointed by the Council to carry out its duties with regard to the regulation of court reporting (OCGA § 15-14-26), are within "the judiciary" as that term is used in OCGA § 50-13-2 (1).

The cardinal rule of statutory construction requires this Court to "look diligently for the intention of the General Assembly . . . ."

---

[5] The trial court declined to enjoin the grievance procedure, but the procedure was stayed by agreement of the parties.

[6] The trial court issued a certificate of immediate review, and the Council and the Board filed an application for interlocutory review. The Court of Appeals dismissed the application as superfluous because the Board and the Council had also filed a direct appeal, to which the Court of Appeals determined they were entitled under the collateral order doctrine whereby a defendant may directly appeal an order denying a motion to dismiss based on a conclusive determination that the defendant is not immune from suit on the basis of sovereign immunity. See *Board of Regents &c. of Ga. v. Canas*, 295 Ga. App. 505 (1) (672 SE2d 471) (2009). We express no opinion on the Court of Appeals's employment of the collateral order doctrine in this appeal.

(OCGA § 1-3-1), and "the 'golden rule' of statutory construction . . . requires us to follow the literal language of the statute 'unless it produces contradiction, absurdity, or such an inconvenience as to insure that the legislature meant something else." (Citation and punctuation omitted.) *Telecom\*USA v. Collins*, 260 Ga. 362, 363 (393 SE2d 235) (1990). Absent clear evidence that a contrary meaning was intended by the legislature, we assign words in a statute their ordinary, logical, and common meanings. *Glanton v. State*, 283 Ga. App. 232, 233 (641 SE2d 234) (2007). Where the language of a statute is capable of more than one meaning, we construe the statute so as to carry out the legislative intent. *Aldrich v. City of Lumber City*, 273 Ga. 461, 464 (542 SE2d 102) (2001). We presume that a statute is constitutional and construe it as valid when possible. *McNair v. State,* 285 Ga. 514, 515 (678 SE2d 69) (2009); *Garner v. Harrison,* 260 Ga. 866 (2) (400 SE2d 925) (1991).

The General Assembly's overall purpose for enacting the Administrative Procedure Act is set out in OCGA § 50-13-1: "this chapter is meant to provide a procedure for administrative determination and regulation where expressly authorized by law or otherwise required by the Constitution or a statute of this state." There is no expressed legislative intent with regard to the statutory exemptions to the Act's definition of what entities were covered by the Act. The term "the judiciary," used in OCGA § 50-13-2 (1), has more than one ordinary, logical, and common meaning: it can refer to "the branch of government responsible for interpreting the laws and administering justice[,]" or "a body of judges." Black's Law Dictionary (9th ed. 2009). See also Webster's New International Dictionary (unabridged) (2nd ed. 1934) ("that branch of government in which judicial power is vested; . . . the judges, taken collectively"). In keeping with our responsibility to presume a statute is constitutional and to construe it as valid when possible, we turn to the constitutional doctrine of "separation of powers" and the inherent power it provides the courts to perform any function necessary to improve the administration of justice.

The judicial power of the State of Georgia is constitutionally vested in this Court and the other courts of the State (Ga. Const. 1983, Art. VI, Sec. I, Par. I), and is constitutionally declared to forever remain separate and distinct from the legislative and executive powers. Ga. Const. 1983, Art. I, Sec. II, Par. III. The judicial power "is that which declares what law *is,* and applies it to past transactions and existing cases; . . . [it] expounds and judicially administers [the law]. . . ." *Thompson v. Talmadge,* 201 Ga. 867, 874 (41 SE2d 883) (1947). The constitutional declaration that the powers

of the three branches of government shall forever remain separate and distinct provides the courts with inherent powers, as it

> invests those officials charged with the duty of administering justice according to law with all necessary authority to efficiently and completely discharge those duties the performance of which is by the constitution committed to the judiciary, and to maintain the dignity and independence of the courts.

*Lovett v. Sandersville R. Co.*, 199 Ga. 238, 239 (33 SE2d 905) (1945). See also *Wallace v. Wallace*, 225 Ga. 102, 111 (166 SE2d 718) (1969) (Judicial power "includes the authority to perform any function reasonably necessary to effectuate its jurisdiction, improve the administration of justice, and protect the judiciary as an independent department of the government."). The proper exercise of judicial authority may not be limited by the legislative branch. *Grimsley v. Twiggs County*, 249 Ga. 632, 634 (292 SE2d 675) (1982).

In enacting the Georgia Court Reporting Act (OCGA § 15-14-20 et seq.), the General Assembly recognized that court reporters are officers of the courts; that court reporting is important to the administration of justice; and that the right to define and regulate the practice of court reporting "belongs naturally and logically to the judicial branch of the state government." OCGA § 15-14-21. The General Assembly further recognized the Council as "an agency of the judicial branch. . . ." OCGA § 15-14-23. In authorizing this Court's creation of the Council, the General Assembly authorized the Council to have "such powers, duties, and responsibilities as may be provided by law *or as may be provided by rule of the Supreme Court.*" OCGA § 15-5-20 (emphasis supplied).

Because constitutional separation of powers prohibits the legislative branch from encroaching upon the inherent powers of the judicial branch of government, and because the Council and the Board are agencies of the judiciary which are imbued with responsibilities that are important to the administration of justice belonging naturally and logically to the judicial branch concerning the practice of a profession of officers of the courts, we construe "the judiciary" in OCGA § 50-13-2 (1) to include the Council and the Board. Accordingly, we conclude the Court of Appeals erred when it affirmed the trial court's denial of the motion to dismiss filed by the Council and the Board in the declaratory judgment action.

*Judgment reversed. Thompson, Hines and Nahmias, JJ., and Judge Robert W. Chasteen, Jr., and Judge Henry Newkirk, concur. Melton, J., concurs in judgment only. Hunstein, C. J., and Carley, P. J., disqualified.*

DECIDED NOVEMBER 22, 2010.

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Stefan E. Ritter, Senior Assistant Attorney General,* for appellants.

*Fellows & LaBriola, Henry D. Fellows, Jr., Christina M. Baugh,* for appellee.

*Brinson, Askew, Berry, Seigler, Richardson & Davis, Norman S. Fletcher,* amici curiae.