Thurman **HARRISON**, Jr.,
Plaintiff–Appellant,

v.

William **WILSON**, Warden, Bent County Correctional Facility, Steven Brown, Jr., Deputy Warden, Bent County Correctional Facility, Defendants–Appellees.

No. 99CA0608.

Colorado Court of Appeals.

March 16, 2000.

Thurman Harrison, Jr., Pro Se.

No Appearance for Defendants–Appellees.

Opinion by Judge DAILEY.

In this C.R.C.P. 106(a)(4) action, plaintiff, Thurman Harrison, Jr., an inmate in the custody of the Department of Corrections (DOC), appeals from the district court judgment dismissing his complaint seeking judicial review of a prison disciplinary matter. We reverse and remand for further proceedings.

The district court initially dismissed plaintiff's complaint as untimely, ruling that the complaint had been filed beyond the thirty-day period set forth in C.R.C.P. 106(b). Plaintiff thereafter filed a motion for reconsideration, asserting that his complaint had been timely filed on an earlier date.

In considering this motion, the district court reviewed plaintiff's indigency status. The court had previously granted plaintiff's motion to proceed *in forma pauperis* (IFP). However, based on a printout of plaintiff's inmate account over the preceding year, the district court ruled that plaintiff was "not indigent." In this regard, the court noted that there had been sufficient deposits made to plaintiff's account over that year to pay the filing fees and costs of this action. On this basis, the district court denied plaintiff's IFP motion and ruled that "the order of dismissal stands."

### I. Timeliness Issues

We agree with plaintiff that the district court erred in dismissing his complaint as being untimely filed.

■ As noted by the district court, the challenged action of the DOC officials occurred on January 7, 1999. Contrary to the district court's ruling, however, the record shows that plaintiff's complaint was timely filed on January 21, 1999, rather than on February 11, 1999.

Plaintiff established the earlier filing date in his motion for reconsideration, attached to which was a copy of his complaint, date stamped as having been filed in the district court on January 21, 1999. Because the record demonstrates that the complaint was in fact timely filed within the thirty day time limit of C.R.C.P. 106(b), the district court erred in dismissing it as untimely. *See also Fraser v. Colorado Board of Parole*, 931 P.2d 560 (Colo.App.1996) (filing date of inmate's C.R.C.P. 106(a)(4) action relates back to date complaint and IFP motion initially tendered to court).

### II. IFP Issues

We also agree with plaintiff that the district court erred in dismissing his complaint based on its re-determination of his IFP status.

■ Although a court generally has discretion to waive an indigent litigant's filing fees pursuant to § 13–16–103, C.R.S.1999, additional provisions specifically governing IFP proceedings in civil actions brought by inmates are set forth in § 13–17.5–103, C.R.S.1999.

Section 13–17.5–103, as amended in 1998 and applicable here, now provides that:

(1) An inmate seeking to bring a civil action or appeal a judgment in a civil action without prepayment of fees, in addition to filing any required affidavit, shall submit a copy of the inmate's trust fund account statement for the six-month period immediately preceding the filing of the complaint or notice of appeal, certified by an appropriate official at the detaining facility. If the inmate account demonstrates that the inmate has sufficient funds to pay the filing fee, the motion to proceed as a poor person shall be denied.

(2) Any inmate who is allowed to proceed in the civil action as a poor person shall be required to pay the full amount of the filing fee in the following instalments [sic]:

(a) If the inmate has ten dollars or more in his or her inmate trust fund account, make an initial partial payment in accordance with the order of the court; and

(b) Make continuing monthly payments to the court equal to twenty percent of the preceding month's deposits in the inmate's trust account until the fee is paid in full.

(3) In no event shall an inmate be prohibited from filing a civil action or appealing a civil or criminal judgment because the inmate has no assets and no means by which to pay the initial partial payment.

Under these provisions, unlike those of a former version of this section, a court is required to deny an inmate's IFP motion only if the inmate's account demonstrates that the inmate "has" sufficient funds to pay the filing fee as of the date of filing. In contrast, under prior law, the denial of an inmate's IFP motion was also required if the inmate had previously "had" sufficient funds during the year preceding the filing of the action. *Compare* Colo. Sess. Laws 1998, ch.

93, § 13–17.5–103(1) at 248–49 *with* Colo. Sess. Laws 1995, ch. 132, § 13–17.5–103 at 479.

Here, the record shows that the balance in plaintiff's account when he filed his complaint in January 1999 was $0.11. The record further shows that only $3.60 had been deposited in his account over the preceding month.

We conclude that these circumstances establish plaintiff's indigency at the time of filing his complaint as a matter of law. Thus, the district court erred in denying plaintiff's IFP motion pursuant to the former version of § 13–17.5–103 and in dismissing his complaint on this basis. *See* § 13–17.5–103(3), C.R.S.1999; *Walcott v. District Court*, 924 P.2d 163 (Colo.1996) (dismissal of a plaintiff's claims may not be based solely on inability to pay costs or indigency).

Finally, we note that § 13–17.5–103(2), C.R.S.1999, requires even indigent inmates to pay the full amount of the filing fee in monthly installments. Thus, on remand, the district court is directed to grant plaintiff's IFP motion and to enter an appropriate order requiring him to pay the full amount of the filing fee in monthly installments.

Accordingly, the judgment of dismissal is reversed, and the cause is remanded to the district court for further proceedings consistent with the views expressed in this opinion.

Judge PLANK and Judge DAVIDSON concur.