## S00A0536. FARLEY v. THE STATE.
### (531 SE2d 100)

BENHAM, Chief Justice.

Rodney Fionn Farley was stopped while driving an automobile for failure to have his seat belt fastened, a violation of OCGA § 40-8-76.1.[1] Cocaine was discovered during the traffic stop, and Farley was

---

[3] See *Mooneyham v. State*, 251 Ga. 404 (306 SE2d 272) (1983).
[4] See OCGA § 17-16-4 (a) (4).
[5] See *Mobley v. State*, 269 Ga. 738 (505 SE2d 722) (1998).
[1] 40-8-76.1. Use of safety belts in passenger vehicles.
(a) As used in this Code section, the term "passenger vehicle" means every motor vehicle designed to carry ten passengers or less and used for the transportation of persons but shall not mean pickup trucks, motorcycles, motor driven cycles, or vehicles equipped for off-road use, provided that the term "passenger vehicle" includes pickup trucks for any occupant who is under 18 years of age.
(b) Each occupant of the front seat of a passenger vehicle shall, while such passenger vehicle is being operated on a public road, street, or highway of this state, be restrained by a seat safety belt approved under Federal Motor Vehicle Safety Standard 208.
. . .

arrested. He filed a motion to suppress the evidence found in the search, contending that OCGA § 40-8-76.1 is unconstitutional because it denied him equal protection in that similarly situated adult drivers in pickup trucks are not subject to the seat belt requirement. At the hearing on the motion, Farley introduced evidence regarding the relative injury rates in passenger vehicle and pickup truck accidents. The trial court denied the motion, but granted a certificate of immediate review. This Court granted Farley's application for interlocutory appeal and directed the parties to address the question whether the trial court was correct in denying the motion to suppress on the ground that OCGA § 40-8-76.1 is not an unconstitutional denial of equal protection.

> "There are two prongs to an evaluation of legislation under an equal protection claim and, as the legislation is presumptively valid, the claimant has the burden of proof as to both prongs. Initially, the claimant must establish that he is similarly situated to members of the class who are treated differently from him. Next, the claimant must establish that there is no rational basis for such different treatment. (Cit.)" [Cit.]

*Reed v. State*, 264 Ga. 466, 467 (448 SE2d 189) (1994). For the purpose of this appeal, we will assume that Farley has borne the burden of showing that occupants of passenger vehicles and adult occupants of pickup trucks are similarly situated with regard to the subject matter of the legislation at issue. The remaining burden for Farley to bear is to show there to be no rational relation between the classification at issue and the purpose of the legislation.

We agree with the parties that because the classification in this appeal involves neither a suspect class nor the exercise of a fundamental right, we must examine it under the "rational basis" test. *City of Atlanta v. Watson*, 267 Ga. 185 (1) (475 SE2d 896) (1996). "Under the rational basis test, a legislative classification does not deny equal protection if the classification bears a direct relation to the purpose of the legislation." *Love v. State*, 271 Ga. 398 (3) (517 SE2d 53) (1999).

It is readily apparent that public safety is the purpose of the statute. The question for decision, therefore, is whether the challenged classification bears a direct relation to the goal of advancing public safety. The evidence Farley presented to the trial court established that accidents involving passenger vehicles are much more numerous than those involving pickup trucks, and that approxi-

---

(e) (2) A person failing to comply with the requirements of subsection (b) of this Code section shall be guilty of the offense of failure to wear a seat safety belt. . . .

mately three times as many fatalities occurred in passenger vehicle accidents when seat belts were not worn than when they were. Given those facts, we conclude that it is clear beyond argument that requiring persons occupying passenger vehicles to wear seat belts bears a direct relation to the goal of improving public safety.

Farley insists that because his evidence showed that occupants of pickup trucks are more susceptible to injury in the event of an accident than are occupants of passenger cars, OCGA § 40-8-76.1 cannot be considered to have a rational relation to the goal of improving public safety unless all persons occupying pickup trucks are also required to use seat belts. That "all or nothing" approach, which questions the wisdom of the legislature's action, conflicts with established principles of constitutional law.

> "(I)n 'the area of economics and social welfare, a State does not violate the Equal Protection Clause merely because the classifications made by its laws are imperfect.' A legislature may address a problem 'one step at a time,' or even 'select one phase of one field and apply a remedy there, neglecting the others.' [Cit.]" [Cits.]

*Price v. Lithonia Lighting Co.*, 256 Ga. 49 (3) (343 SE2d 688) (1986). Under the principle just stated, the legislature's decision to address the passenger vehicle aspect of public safety without simultaneously addressing the safety of adult occupants of pickup trucks was a legitimate choice that did not violate the Equal Protection Clause.

Our recent decision in *Love v. State*, supra, does not, as Farley insists, require a different conclusion. There, where we concluded that the public safety purpose of the statute was advanced by criminalizing driving by persons with marijuana metabolites in their blood, we found no rational basis for drawing a distinction based on whether the source of the marijuana was legal or illegal because, regardless of the source, the use of marijuana would have the same effect. In the present case, however, the evidence shows that passenger vehicles are much more numerous than pickup trucks and, as noted above, are involved in many more accidents, producing a greater number of injuries and deaths. That being so, the distinction drawn between passenger vehicles and pickup trucks may be seen to have a rational connection with the goal of advancing public safety in that the largest segment of the at-risk population will be affected by the seat belt requirement.

> It is not necessary that the classification scheme be the perfect or the best one; nor do we focus on the fairness of a state law. [Cit.] Our inquiry is limited to identifying the ends the

legislature intended the statute to serve and insuring that the means are rationally related to that end. [Cit.]

*Bowman v. Knight*, 263 Ga. 222, 223 (430 SE2d 582) (1993). As we noted above, it is plain that requiring persons occupying passenger vehicles to wear seat belts advances the goal of improving public safety. That being so, we do not question the wisdom of the legislature's decision to do so piecemeal.

Accordingly we conclude that Farley has not shown the absence of a rational relation between the classification drawn by OCGA § 40-8-76.1 and the public safety purpose of that statute, and that the trial court's denial of Farley's motion to suppress based on his equal protection challenge to OCGA § 40-8-76.1 was not error.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 30, 2000.

*Benson, Phillips & Hoffman, Jason K. Hoffman,* for appellant.

*C. Paul Bowden, District Attorney, Holli G. Martin, Assistant District Attorney, Thurbert E. Baker, Attorney General, Andrea S. Hirsch, Christopher S. Brasher, Assistant Attorneys General,* for appellee.