## S05A0095. ROBERTS v. BURGESS.
(614 SE2d 25)

HUNSTEIN, Justice.

This case involves the constitutionality of OCGA § 40-5-22 (c) (2) and (7). That statute provides, in pertinent part, that the Department of Motor Vehicle Safety

shall not issue any driver's license to nor renew the driver's license of any person: . . .
(2) Whose license is currently under suspension or revocation in any other jurisdiction upon grounds which would authorize the suspension or revocation of a license under this chapter; . . .
(7) Whose license issued by any other jurisdiction is suspended or revoked by such other jurisdiction during the period such license is suspended or revoked by such other jurisdiction.

While residing in Georgia during the years 1979-1981, appellant William J. Roberts, Jr. was convicted three times of driving under the influence. After he was declared an habitual violator in Georgia, he moved to Florida and became a Florida resident. In 1985 he obtained a Florida driver's license. In 1987 he was convicted of driving under the influence in Florida and pursuant to Florida law his driver's license was permanently revoked. Appellant moved back to Georgia in 1991 and obtained a Georgia driver's license. He was convicted of DUI in 1992 and 1997. Although appellant obtained one renewal of his Georgia driver's license, in 2001 the DMVS refused to reissue the license pursuant to OCGA § 40-5-22 (c) (2) and (7). After appellant's attempts to obtain reinstatement of his Florida license failed, he administratively challenged the DMVS's decision on the ground, inter alia, that OCGA § 40-5-22 (c) (2) and (7) violated his equal protection rights. Appellant's challenge to the statute failed both at the administrative level and before the superior court. We granted his application for discretionary appeal and affirm the superior court for the reasons that follow.

1. "A statute attacked as unconstitutional is presumed by the judiciary to be constitutional ([cit.]) until it is established that the statute 'manifestly infringes upon a constitutional provision or violates the rights of the people. . . .' [Cit.]" *Love v. State*, 271 Ga. 398, 400 (2) (517 SE2d 53) (1999). Appellant contends that subsections (2) and (7) of OCGA § 40-5-22 (c) violate his equal protection rights because the subsections single him out for treatment different from that afforded to every other Georgia resident seeking a driver's license who has been convicted four or more times in a lifetime for DUI. We

reject appellant's argument because it is based on a mischaracterization of the class affected by the statute. OCGA § 40-5-22 (c) (2) applies to those persons who were formerly issued licenses by another jurisdiction and thereafter had their licenses revoked on grounds that would authorize that revocation under Georgia law. Such persons are not similarly situated to Georgia residents who have never incurred the revocation of a license issued by a foreign jurisdiction. Although the class of persons affected by OCGA § 40-5-22 (c) (2) later become Georgia residents and apply for Georgia driver's licenses, their history in the foreign jurisdiction distinguishes them from Georgia residents lacking a negative out-of-state driving record.

This analysis is not changed by the factual twist present in this case, i.e., that appellant, despite the revocation of his Florida license, was issued a Georgia driver's license when he returned to Georgia. The issuance of that license was error as it clearly contravened the provisions in OCGA § 40-5-22 (c). In light of that error and the uncontradicted evidence of appellant's out-of-state driving record, appellant's status as a Georgia resident issued a Georgia driver's license after the revocation of his Florida license does not make him similarly situated to Georgia drivers whose Georgia licenses are revoked for four or more DUI convictions.

"An equal protection challenge is assessed under the 'rational relationship' test when neither a suspect class nor a fundamental right is affected by the challenged statute. [Cit.]" *Love*, supra, 271 Ga. at 400 (2). Appellant concedes that Georgia driver's license applicants with revoked out-of-state licenses are not members of a suspect class and because the right to drive is not a fundamental right, *Quiller v. Bowman*, 262 Ga. 769 (1) (425 SE2d 641) (1993), the rational basis test applies. Under that test, the legislative classification created by OCGA § 40-5-22 (c) (2) can withstand constitutional assault " ' "when the classification is based on rational distinctions and . . . bears a direct and real relation to the (legitimate) object or purpose of the legislation." ' " (Footnote omitted.) *City of Atlanta v. Watson*, 267 Ga. 185, 187 (1) (475 SE2d 896) (1996).

We hold that the General Assembly had a rational basis to create in OCGA § 40-5-22 (c) (2) a class of driver's license applicants composed of persons whose out-of-state licenses were suspended or revoked and that the classification created by the legislature bears an obvious and direct relation to two legitimate purposes.

First there is a strong governmental interest in protecting the public from drivers whose licenses have been [revoked] for DUI offenses. Second, there is a strong governmental interest in preventing "license shopping" by nonresidents

with [revoked] out-of-state licenses trying to obtain [Georgia] licenses before their [revocation] period has ended. . . . [T]he statutory scheme employed by [Georgia] has been adopted in more than 40 states in an effort to give effect to the sanctions imposed by each state as it sees fit.

*Kentucky Transp. Cabinet v. Hobson*, 870 SW2d 228, 230 (Ky. App. 1993) (addressing equal protection challenge to comparable licensing statute).

We likewise find no merit in appellant's constitutional challenge to subsection (c) (7) of OCGA § 40-5-22. We again agree with the Kentucky Court of Appeals:

[Appellant] chose to go to Florida and obtain an operator's license. When he applied for a Florida license, he voluntarily subjected himself to that state's laws and regulations relating to the issuance of licenses. Florida validly suspended [appellant's] license according to its statutes and regulations . . . . Neither [Georgia] nor Florida is precluded from taking into account offenses that occurred in another state in deciding whether to [issue or revoke an already issued] operator's license.

*Kentucky Transp. Cabinet v. Feige*, 889 SW2d 52, 55 (Ky. App. 1994).

The trial court did not err by denying appellant's equal protection challenge to OCGA § 40-5-22 (c) (2) and (7).

2. Although appellant raised a constitutional challenge to OCGA § 40-5-5, the superior court did not rule upon it. Accordingly, appellant's arguments regarding that challenge are waived. *Haynes v. Wells*, 273 Ga. 106, 108 (3) (538 SE2d 430) (2000).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 26, 2005 —
RECONSIDERATION DENIED JUNE 30, 2005.

*Michael L. Chidester*, for appellant.

*Thurbert E. Baker, Attorney General, Robert W. Smith, Jr., Assistant Attorney General*, for appellee.