S09A1477. DREW v. THE STATE.
(684 SE2d 608)

THOMPSON, Justice.

Willie D. Drew was charged with the offense of riot in a penal institution in violation of OCGA § 16-10-56, as well as other related crimes. He filed a general demurrer asserting the unconstitutionality of OCGA § 16-10-56 on equal protection grounds, which the trial court denied. A jury found Drew guilty of riot in a penal institution, felony obstruction of an officer, and misdemeanor obstruction of an officer. Drew appeals from the denial of his motion for new trial, reasserting the constitutional challenge. Finding no error, we affirm.

While being held as an inmate at the Cobb County Adult Detention Center, Drew was in a common area for personal time. Deputy Gurley was nearby assisting a nurse who was dispensing medication to other prisoners when Drew demanded a newspaper. Deputy Gurley told him he would have to wait, whereupon Drew

---

[1] The Trammells' Motion for Damages for Frivolous Appeal is hereby denied.

crossed into a restricted area and began shouting and using profanity directed at the deputy. When Drew disregarded Deputy Gurley's orders to move back, the deputy approached and Drew charged him and punched him in the face, head, and chest. The deputy attempted to deflect the punches and ordered Drew to stop resisting, but Drew continued the attack. The deputy attempted to subdue Drew with pepper spray, but the cannister malfunctioned and Drew gained control of it. A second deputy came to Deputy Gurley's assistance and both officers repeatedly ordered Drew to stop resisting. As Drew attempted to use the pepper spray against both deputies, the two were able to tackle and handcuff him.

1. The evidence is sufficient to enable a rational trier of fact to find Drew guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Brown v. State*, 288 Ga. App. 812 (655 SE2d 692) (2007).

2. In evaluating legislation under an equal protection claim, the claimant must first establish that he is similarly situated to members of a class who are treated differently than he. *Farley v. State*, 272 Ga. 432, 433 (531 SE2d 100) (2000); *State v. Jackson*, 271 Ga. 5 (515 SE2d 386) (1999). In furtherance of his claim, Drew submits that OCGA § 16-10-56[1] denies him equal protection under the law because it imposes felony punishment and allows the crime to be committed by a single individual, whereas the offense of riot under OCGA § 16-11-30[2] is punished as a misdemeanor and is committed by two or more persons acting in concert. "Criminal defendants are 'similarly situated' for purposes of equal protection 'only if they are charged with the same crime or crimes.' [Cit.]" *State v. Jackson*, supra at 5. Thus, for equal protection purposes, only those charged with riot in a penal institution are similarly situated to Drew. Because there is no contention that Drew is punished differently from others accused and convicted of the same crime, "there is no unconstitutional disparate treatment of similarly situated persons." Id.

Since Drew failed to meet his initial burden of showing disparate treatment, " 'there is no need to continue with an equal protection analysis,' " *Rodriguez v. State*, 275 Ga. 283, 285 (565 SE2d 458)

[1] OCGA § 16-10-56 (a) provides: "Any person legally confined to any penal institution of this state or of any political subdivision of this state who commits an unlawful act of violence or any other act in a violent or tumultuous manner commits the offense of riot in a penal institution."

[2] OCGA § 16-11-30 (a) provides: "Any two or more persons who shall do an unlawful act of violence or any other act in a violent and tumultuous manner commit the offense of riot."

(2002), and his claim must fail.[3] Nonetheless, we are compelled to address Drew's unsupported allegation that, as a prisoner, he is a member of a suspect class and therefore the statute must be evaluated under the standard of strict scrutiny.

> "When assessing equal protection challenges, a statute is tested under a standard of strict judicial scrutiny if it either operates to the disadvantage of a suspect class or interferes with the exercise of a fundamental right. [Cit.]" [Cit.] "If neither a suspect class nor a fundamental right is affected by the statute, the statute need only bear a rational relationship to some legitimate state purpose. [Cit.]"

*Barnett v. State*, 270 Ga. 472 (510 SE2d 527) (1999).

> Although inmates of correctional facilities are seriously disadvantaged when they are compared to individuals at liberty and although they are the subject of political hostility, they do not constitute a suspect class because their status is the result of precise, individualized application of otherwise neutral laws.

*Graham v. Bowen*, 648 FSupp. 298, 301 (S.D. Tex. 1986). Thus, we join all other jurisdictions that have considered this claim and hold that a prisoner, by virtue of incarceration alone, is not a member of a suspect class for equal protection analysis.[4]

*Judgment affirmed. All the Justices concur.*

---

[3] "There are two prongs to an evaluation of legislation under an equal protection claim and, as the legislation is presumptively valid, the claimant has the burden of proof as to both prongs. Initially, the claimant must establish that he is similarly situated to members of the class who are treated differently from him. Next, the claimant must establish that there is no rational basis for such different treatment." [Cit.]
*Farley*, supra at 433.

[4] See, e.g., *Smith v. Fischer*, 2009 WL 632890 (N.D. N.Y. 2009); *Jae v. Good*, 946 A2d 802, 808, n. 13 (Pa. 2008); *People v. Carter*, 377 Ill. App. 3d 91, 100 (877 NE2d 446) (2007); *Henderson v. Bates*, 2006 WL 360844 (Tenn. Ct. App. 2006); *Rhone v. Ward*, 902 So2d 1258, 1262 (La. App. 2d Cir. 2005); *Coleman v. Martin*, 363 FSupp.2d 894, 902 (E.D. Mich. 2005); *State ex rel. Harr v. Berge*, 273 Wis.2d 481, 488 (681 NW2d 282) (2004); *Mehdipour v. State ex rel. Dept. of Corrections*, 90 P3d 546, 554 (Okla. 2004); *LaCava v. Lucander*, 58 Mass. App. Ct. 527, 532 (791 NE2d 358) (2003); *Abdul-Akbar v. McKelvie*, 239 F3d 307, 317 (3d Cir. 2001); *Sanders v. Palunsky*, 36 SW3d 222, 225 (Tex. App. 14th Dist. 2001); *Proctor v. White Lake Township Police Dept.*, 248 Mich App. 457, 469 (639 NW2d 332) (2001); *Collins v. Jaquez*, 15 P3d 299, 303 (Colo. App. 2000); *Parker v. Gorczyk*, 170 Vt. 263, 276 (744 A2d 410) (1999); *Tucker v. Branker*, 142 F3d 1294, 1300 (C.A. D.C. 1998); *State v. Melching*, 1997 WL 598043 (Ohio App. 7th Dist. 1997); *Hampton v. Hobbs*, 106 F3d 1281, 1286 (6th Cir. 1997); *State v. Nguyen*, 185 Ariz. 151, 153 (912 P2d 1380) (1996); *Chiles v. State*, 254 Kan. 888, 901 (869 P2d 707) (1994); *Pryor v. Brennan*, 914 F2d 921, 924 (7th Cir. 1990).

DECIDED OCTOBER 5, 2009.

*David J. Koontz*, for appellant.
*Patrick H. Head, District Attorney, Lynne G. Voelker, Dana J. Norman, Amelia G. Pray, Assistant District Attorneys*, for appellee.