## S10A0518. WALKER et al. v. CROMARTIE et al.

### (696 SE2d 654)

BENHAM, Justice.

Appellants Joel and Patricia Walker filed an action for legal malpractice, ordinary negligence, and breach of fiduciary duty against appellees for legal work appellees performed in the case *All Fleet Refinishing v. West Georgia Nat. Bank*, 280 Ga. App. 676 (634 SE2d 802) (2006). Appellants did not file an expert affidavit with their complaint as required by OCGA § 9-11-9.1 for a professional negligence claim.[1] As a result, appellees filed a partial motion to dismiss. In response, appellants alleged that OCGA § 9-11-9.1 was unconstitutional as applied to indigent litigants. A hearing was held on the dismissal issue and, because the trial court received evidence at the hearing, the partial motion to dismiss was converted into a partial motion for summary judgment. On July 16, 2009, the trial court granted the partial motion for summary judgment, finding the statute was constitutional and dismissing appellants' legal malpractice claim.[2] We now affirm.

1. Appellants argue it was error for the trial court to grant a partial motion for summary judgment because no such motion was filed. However, the trial court received evidence during the dismissal hearing. Therefore, the partial motion to dismiss was properly converted to a partial motion for summary judgment pursuant to OCGA § 9-11-12 (b). There was no error.

2. Appellants contend that OCGA § 9-11-9.1 is unconstitutional because the expert affidavit requirement prohibits indigent plaintiffs from pursuing their actions for professional negligence due to the costs of procuring an expert affidavit, thereby violating their due process rights, equal protection rights, and their right to trial. We disagree. Absent a showing of state action, appellants cannot sustain a claim that OCGA § 9-11-9.1 interferes with their right to due process, their right to equal protection, or their right to trial. *Peterson v. Columbus Medical Center Foundation*, 243 Ga. App. 749 (3) (533 SE2d 749) (2000).

Nothing in OCGA § 9-11-9.1 imposes a cost or fee for filing or

---

[1] OCGA § 9-11-9.1 (a) states in pertinent part:
    In any action for damages alleging professional malpractice against:
    (1) A professional licensed by the State of Georgia and listed in subsection (g) of this Code section;
                              . . .
the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

[2] The trial court did not make a ruling as to appellants' breach of fiduciary duty claim and so the case is still pending in the trial court. We granted appellants' application for interlocutory review in order to address the constitutional questions raised.

obtaining an expert affidavit. The "costs" appellants object to are created by private actors, not any state actor. Since no state actor has exacted the harm of which appellants complain, the statute does not violate the right to due process. See *Etkind v. Suarez*, 271 Ga. 352 (4) (519 SE2d 210) (1999); *Reinertsen v. Porter*, 242 Ga. 624 (1) (250 SE2d 475) (1978) ("The due process clauses of the United States and Georgia Constitutions control only the actions of states, not those of private individuals."). Likewise, the statute does not violate equal protection. "In evaluating legislation under an equal protection claim, the claimant must first establish that he is similarly situated to members of a class who are treated differently than he." *Drew v. State*, 285 Ga. 848 (2) (684 SE2d 608) (2009). Here, the statute makes no distinction between any class of citizens since it requires any person or entity that brings an action for professional negligence to file an expert affidavit. Since appellants cannot show any disparate treatment, their equal protection argument cannot be sustained on that basis. *Drew v. State*, supra, 285 Ga. at 849-850.

Poverty alone is not a suspect classification for the purpose of equal protection analysis (*Harris v. McRae*, 448 U. S. 297, 323 (100 SC 2671, 65 LE2d 784) (1980)), and appellants have failed to set forth a fundamental right they have been denied. When neither a suspect classification nor a fundamental right is at stake, a rational relationship test is applied to determine whether the statute violates equal protection. *Love v. State*, 271 Ga. 398 (2) (517 SE2d 53) (1999). That is, the statute must bear a direct relationship to the legitimate legislative purpose. Id. at 400. The purpose of OCGA § 9-11-9.1 is to reduce the number of frivolous malpractice lawsuits being filed against professionals. *Minnix v. Dept. of Transp.*, 272 Ga. 566, 571 (3) (533 SE2d 75) (2000). The requirement of filing an expert affidavit at the time the complaint is filed serves this stated purpose because it requires plaintiffs to find an expert who will attest that at least one act of professional negligence has occurred, thereby reducing the number of frivolous claims filed.

Finally, inasmuch as appellants' breach of fiduciary duty claim is still pending in the trial court, they have not in fact been denied access to the courts or the right to a trial by jury. The trial court did not err in rejecting appellants' various arguments and dismissing their professional negligence claim.

3. Appellants argue that OCGA § 9-11-9.1 violates the separation of powers clause (Ga. Const. of 1983, Art. I, Sec. II, Par. III) by allowing the legislature to determine which cases go to trial. To the contrary, the legislature, by drafting and implementing this statute, has merely enacted a law that requires an extra pleading when bringing forth a professional negligence claim. The dismissal of appellants' professional negligence claim is a purely judicial action

prompted by appellees' motion to dismiss.

4. Appellants contend that OCGA § 9-11-9.1 is a special law. That contention, however, is without merit. The Uniformity Clause of the Georgia Constitution provides:

> Laws of a general nature shall have uniform operation throughout this state and no local or special law shall be enacted in any case for which provision has been made by an existing general law, except that the General Assembly may by general law authorize local governments by local ordinance or resolution to exercise police powers which do not conflict with general laws.

Ga. Const. of 1983, Art. III, Sec. VI, Par. IV (a). A special law is a law that only affects a limited area or class, whereas a general law applies uniformly to the subject with which it purports to deal. *Lasseter v. Ga. Public Svc. Comm.*, 253 Ga. 227 (2) (319 SE2d 824) (1984) (law that affected a single plant in a particular industry was an unconstitutional special law). Appellants' argument that OCGA § 9-11-9.1 is a special law because indigent defendants may not be able to afford the fees associated with obtaining an expert affidavit is unfounded. The law applies uniformly to any person or entity bringing a lawsuit for professional negligence. Any disparities in the costs associated with obtaining an expert affidavit are circumstances beyond the scope or control of the statute. Accordingly, the trial court did not err when it ruled that the statute withstood the constitutional challenges raised by appellants.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 28, 2010 —
RECONSIDERATION DENIED JULY 12, 2010.

Joel D. Walker, *pro se*.
Patricia A. Walker, *pro se*.
*Hawkins & Parnell, Kim M. Jackson*, for appellees.