307 Ga. 505
FINAL COPY

S19A1248.  JONES v. THE STATE.

MELTON, Chief Justice.

Jacob Daniel Jones appeals his convictions and sentences for three counts of felony sexual battery.[1]  On appeal, Jones argues that the evidence was insufficient to support his convictions and that his criminal sentences violate the Georgia and United States Constitutions.  For the reasons that follow, we affirm.

---

[1] On November 6, 2013, Jones was indicted by a Catoosa County grand jury on three counts of sexual battery against a child under the age of 16.  On February 27, 2014, Jones filed a "Motion to Quash the Indictment as Unconstitutional and Disproportional As Applied."  After a hearing, the trial court summarily denied the motion on March 11, 2014, but granted Jones a certificate of immediate review.  Jones filed a petition for interlocutory review in this Court, which was subsequently denied on April 30, 2014.

Following a one-day bench trial on October 13, 2014, Jones was found guilty of all charges.  On February 24, 2015, Jones was sentenced as a first offender to five years, probation on all three counts to run concurrently, with the first 120 days of his sentence to be served in a detention center. Jones filed a motion for new trial on March 12, 2015, and, after a hearing, the trial court denied the motion on December 21, 2015.  Jones appealed to the Court of Appeals; that court transferred the case to this Court, as the case falls within this Court's constitutional question jurisdiction.  This case was docketed to the August 2019 term of this Court, and oral argument was held on September 10, 2019.

1. In his first enumeration, Jones contends that the evidence presented at his trial was insufficient to support his convictions. When evaluating the sufficiency of evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime[s] beyond a reasonable doubt." (Emphasis omitted.) *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979). Similar to appeals from a jury trial resulting in a criminal conviction, on appeal from a bench trial, "we view all evidence in the light most favorable to the trial court's verdict, and the defendant no longer enjoys the presumption of innocence. We do not re-weigh testimony, determine witness credibility, or address assertions of conflicting evidence." (Citation and punctuation omitted.) *Wimberly v. State*, 302 Ga. 321, 323 (1) (806 SE2d 599) (2017).

Viewing the evidence in this light, the record shows that, at all relevant times, Jones was 18 years old, and the victim, J. S., was 15. On the morning of August 12, 2013, J. S. was at home with her

friends when she started texting Jones, whom she had known for approximately one year. Jones eventually showed up at J. S.'s house, uninvited, and requested to speak to J. S. She agreed and stepped out onto the front porch, accompanied by a friend. During this conversation, Jones told J. S. "all I need is three minutes," and "[your friend] needs to go in the other room," to which J. S. responded, "that's not a good idea."

After some time, J. S. started to become uncomfortable with the conversation, so she walked to a nearby basketball goal and called out to her other friends still inside the home to come outside and join her in a game. The group, which included J. S. and Jones, proceeded to play basketball and, at some point during the game, J. S. hugged Jones. At this time, Jones put his hands between J. S.'s legs, then moved them over her buttocks and breasts and said, "if I wanted to I could get you there." J. S. testified that these touches occurred over her clothing and without her permission. J. S. backed away and continued to play basketball until Jones left.

Based on the foregoing, we find that the evidence was sufficient

to enable a rational trier of fact to conclude beyond a reasonable doubt that Jones was guilty of the crimes for which he was convicted. See *Jackson*, supra. See also OCGA § 16-6-22.1.[2]

2. We turn next to Jones' claim that the statutory sentencing scheme for felony sexual battery[3] is unconstitutional as applied to him. Jones argues that the felony sentencing statute violates the Equal Protection Clause of the Georgia and United States Constitutions, and violates the prohibition against cruel and unusual punishment found in the Eighth Amendment of the United States Constitution and Article I of the Georgia Constitution. We address each in turn.

---

[2] "A person commits the offense of sexual battery when he or she intentionally makes physical contact with the intimate parts of the body of another person without the consent of that person." OCGA § 16-6-22.1 (b). The statute defines "intimate parts" as "the primary genital area, anus, groin, inner thighs, or buttocks of a male or female and the breasts of a female." Id. at (a).

[3] "A person convicted of the offense of sexual battery against any child under the age of 16 years shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one nor more than five years." OCGA § 16-6-22.1 (d).

4

(a) First, Jones argues that the felony sexual battery sentencing scheme violates his right to equal protection under the Georgia and United States Constitutions because the statute fails to include a misdemeanor punishment provision for sexual contact between teenagers (what is sometimes referred to as a "Romeo and Juliet provision") similar to Georgia's statutory rape (OCGA § 16-6-3 (c))[4] and child molestation (OCGA § 16-6-4 (b) (2))[5] sentencing

---

[4] OCGA § 16-6-3 states, in pertinent part:

(a) A person commits the offense of statutory rape when he or she engages in sexual intercourse with any person under the age of 16 years and not his or her spouse, provided that no conviction shall be had for this offense on the unsupported testimony of the victim.

. . .

(c) If the victim is at least 14 but less than 16 years of age and the person convicted of statutory rape is 18 years of age or younger and is no more than four years older than the victim, such person shall be guilty of a misdemeanor.

[5] OCGA § 16-6-4 states, in pertinent part:

(a) A person commits the offense of child molestation when such person:

(1) Does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person.

. . .

(b) (2) If the victim is at least 14 but less than 16 years of age and the person convicted of child molestation is 18 years of age or younger and is no more than four years older than the

5

schemes. Conceding that his claim is subject to rational basis review, see *Pierce v. State*, 302 Ga. 389, 400 (3) (b) (807 SE2d 425) (2017), Jones argues that the failure by the General Assembly to include a Romeo and Juliet provision within the sexual battery statute creates an unconstitutional disparity in sentencing between teenage defendants accused of sexual battery and those accused of statutory rape or child molestation. However, because Jones is not similarly situated to teenage defendants accused of statutory rape or child molestation, he has failed to show that OCGA § 16-6-22.1 (d) violates his right to equal protection.

As we have previously explained, under the rational basis test,

> the claimant must establish that he is similarly situated to members of the class who are treated differently from him. Next, the claimant must establish that there is no rational basis for such different treatment. And because the legislation is presumptively valid, the claimant has the burden of proof as to both prongs.

---

victim, such person shall be guilty of a misdemeanor and shall not be subject to the sentencing and punishment provisions of Code Section 17-10-6.2.

. . .

6

(Citations and punctuation omitted.)  *Harper v. State*, 292 Ga. 557, 560 (1) (738 SE2d 584) (2013).  Under the first prong, "[t]he proper inquiry is whether the statute applies equally to all those accused under it, and therefore does not create disparate classifications among similarly situated persons." *Reed v. State*, 264 Ga. 466, 467 (448 SE2d 189) (1994).  In general, "[f]or equal protection purposes, criminal defendants are similarly situated if they are charged with the *same crime.*" (Emphasis supplied.)  *Pitts v. State*, 293 Ga. 511, 516 (2) (748 SE2d 426) (2013).  But here, Jones alleges he is being treated differently from teenage defendants charged with *different* crimes.  Indeed, whereas felony sexual battery occurs when a person "intentionally makes physical contact with the intimate parts of the body of another person [under the age of 16] without the consent of that person," OCGA § 16-6-22.1 (b) and (d), the State is not required to prove lack of consent for either statutory rape or child molestation, see OCGA §§ 16-6-3, 16-6-4.

Additionally, the General Assembly "has wide discretion in setting penalties, . . . and courts may not 'substitute their judgments

7

as to the appropriateness of criminal penalties for those lawfully expressed by the General Assembly.'" (Citation omitted.) *Hailey v. State,* 263 Ga. 210, 211 (2) (429 SE2d 917) (1993). Because Jones is not similarly situated to teenage defendants charged with statutory rape and child molestation, his equal protection claim fails. See *Drew v. State,* 285 Ga. 848, 849 (2) (684 SE2d 608) (2009) ("Because there is no contention that [the defendant] is punished differently from others accused and convicted of the same crime, 'there is no unconstitutional disparate treatment of similarly situated persons.'" (Citation omitted.)).

(b) Jones next claims that the sentencing scheme for felony sexual battery violates the prohibition against cruel and unusual punishment. Specifically, Jones alleges that, because he was facing up to 15 years in confinement under OCGA § 16-6-22.1 (d), the statute, as applied to him, is grossly disproportionate to the severity of his crime. Again, we disagree.

Both the Eighth Amendment to the United States Constitution and Art. I, Sec. I, Par. XVII of the Georgia Constitution,

8

"categorically prohibit inflicting cruel and unusual punishments."

(Citation and punctuation omitted.) *Johnson v. State*, 276 Ga. 57, 62

(5) (573 SE2d 362) (2002). When assessing a claim of cruel and

unusual punishment, and

> [w]here, as here, a sentence is not challenged as barbaric
> or otherwise categorically prohibited, a court engages in
> a two-step inquiry to determine whether that sentence is
> grossly disproportionate. First, a court compares the
> gravity of the offense and the severity of the sentence. If
> this threshold comparison leads to an inference of gross
> disproportionality, the court proceeds to the next step and
> compares the defendant's sentence with the sentences
> received by other offenders in the same jurisdiction and
> with the sentences imposed for the same crime in other
> jurisdictions.

(Citations, punctuation and footnote omitted.) *Conley v. Pate*, 305

Ga. 333, 336 (3) (825 SE2d 135) (2019).

> Importantly, when assessing the gravity of the offense as
> part of the threshold comparison, courts do not look only
> at the statutory elements of the offense in question.
> Rather, they consider what actually happened — the
> particular circumstances of the crimes at issue — as
> shown by the record.

(Punctuation omitted.) Id. Likewise, "[a]n as-applied challenge

addresses whether a statute is unconstitutional on the facts of a

9

particular case or to a particular party." (Citation and punctuation omitted.) *Hertz v. Bennett*, 294 Ga. 62, 66 (2) (c) (751 SE2d 90) (2013). See also *Harris v. Mexican Specialty Foods*, 564 F3d 1301, 1308 (III) (A) (11th Cir. 2009). With these principles in mind, we turn to Jones' claim.

Here, Jones was charged with three counts of felony sexual battery, and the evidence showed that he groped the breasts, buttocks, and groin of a 15-year-old girl without her consent. For this, Jones received three concurrent five-year probated sentences as a first offender. Jones complains that his sentence is grossly disproportionate because, had he been charged under the Romeo and Juliet provision of the child molestation statute, he would have received a misdemeanor sentence. We are not persuaded by this argument, as the Romeo and Juliet provision of the child molestation statute applies even to consensual behavior between teenagers, whereas, here, there was evidence that Jones touched the intimate parts of J. S. without her consent.

Jones also argues that the felony sexual battery sentencing

scheme is too severe because he *could* have received a sentence of 15 years in confinement. This contention, however, is unavailing, as we do not review a claim of cruel and unusual punishment based upon a sentence a defendant *could* have received; instead, we review the sentence a defendant *did* receive. Under that standard, we cannot say that Jones' concurrent, five-year probated, first offender sentences are grossly disproportionate to the gravity of the offense of felony sexual battery. Because Jones has failed to meet the threshold inference of gross disproportionality, his claim of cruel and unusual punishment fails.

*Judgment affirmed. All the Justices concur.*

PETERSON, Justice, concurring.

I have previously articulated my skepticism that our analytical approach to the Cruel and Unusual Punishment Clause of the Georgia Constitution is consistent with the original public meaning of that Clause. See *Conley v. Pate*, 305 Ga. 333, 339 (825 SE2d 135) (2019) (Peterson, J., concurring). But because even under that approach Mr. Jones's claim fails, it is not necessary to reconsider that approach here. Accordingly, I concur in the opinion of the majority.

DECIDED DECEMBER 23, 2019.

Felony sexual battery sentencing; constitutional question. Catoosa Superior Court. Before Judge Van Pelt.

*Sean J. Lowe, David J. Dunn, Jr.*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Christopher A. Arnt, Melissa A. Pittman, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.